UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RAQUEL CHAVEZ, | No. C 13-03844 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JPMORGAN CHASE BANK N.A., | [Re: ECF No. 10] |
| Defendant. | |

## INTRODUCTION

Plaintiff Raquel Chavez brings this action against defendant JPMorgan Chase Bank, N.A. ("JPMorgan") based on a home mortgage loan she obtained in 2007 and the subsequent foreclosure proceedings instituted against her. Complaint, ECF No. 1.[1] JPMorgan moves to dismiss Ms. Chavez's claims as being barred by res judicata. Motion, ECF No. 23. Ms. Chavez has filed neither an opposition nor a statement of non-opposition to the motion. *See generally* Docket. Pursuant to Civil Local Rule 7-1(b), the court finds this matter appropriate for resolution without oral argument and hereby **VACATES** the hearing scheduled for November 21, 2013. Upon consideration of JPMorgan's motion and the applicable authority, the court **GRANTS** its motion and **DISMISSES WITH PREJUDICE** all of Ms. Chavez's claims.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-03844 LB
ORDER

**STATEMENT**

**I.  FACTS**[2]

On December 19, 2007, Ms. Chavez purchased a home at 12330 First Fork Road, Los Gatos, California (the "Property"), using a $950,000.00 loan she obtained from Washington Mutual Bank ("Washington Mutual"). Complaint, ECF No. 1 ¶¶ 6, 11; RJN, Ex. 1, ECF No. 11-1. In connection with this loan, she executed a promissory note and a deed of trust, which encumbered the Property. Complaint, ECF No. 1 ¶11; RJN, Ex. 1, ECF No. 11-1. Mortgage Electronic Registration Systems,

---

[2] The following facts are taken from Ms. Chavez's complaint and judicially noticeable documents submitted by JPMorgan. In considering a motion to dismiss, the court can consider material outside the pleadings that is properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). JPMorgan requests that the court take judicial notice of the following documents: (1) the Deed of Trust recorded with the Santa Cruz County Official Records on December 31, 2007; (2) the Notice of Default and Election to Sell Under Deed of Trust recorded with the Santa Cruz County Official Records on February 18, 2009; (3) the Substitution of Trustee recorded with the Santa Cruz County Official Records on April 2, 2009; (4) the Notice of Trustee's Sale recorded with the Santa Cruz County Official Records on May 26, 2009; (5) the Trustee's Deed Upon Sale recorded with the Santa Cruz County Official Records on June 19, 2009; (6) the Purchase and Assumption Agreement between FDIC and JPMorgan dated September 25, 2008; (7) Ms. Chavez's complaint filed in the United States District Court for the Northern District of California on August 5, 2009 in Case Number C09-03583; (8) Ms. Chavez's Second Amended Complaint filed on January 27, 2010 in Case Number C09-03583; (9) the District Court's Order Granting Motion to Dismiss with Leave to Amend filed on January 7, 2010 in Case Number C09-03583; (10) Ms. Chavez's complaint filed in the Santa Cruz County Superior Court on May 7, 2010 in Case Number CIV 167449; (11) the Superior Court's Order Sustaining Demurrer to the Complaint without leave to amend filed on September 13, 2010 in Case Number CIV 167449; (12) the Superior Court's Judgment entered and filed on September 13, 2010 in Case Number CIV 167449; (13) Ms. Chavez's Request for Dismissal filed on November 8, 2010 in Case Number CIV 167449; (14) Ms. Chavez's complaint filed in the Santa Cruz County Superior Court on July 6, 2012 in Case Number CIV 167449; (15) the Notice of Removal filed on August 21, 2012 in Case Number C12-04393, removing Case Number CIV 167449 to federal court; (16) the District Court's Order Granting Defendants' Motion to Dismiss with Prejudice filed on June 5, 2013 in Case Number C12-04393; and (17) the District Court's Judgment entered and filed on June 7, 2013 in Case Number C12-04393. Request for Judicial Notice ("RJN"), ECF No. 11, Exs. 1-17.

A court may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee*, 250 F.3d at 689-90. Here, all seventeen documents that JPMorgan submits are public records, and Ms. Chavez has not disputed any of them. Accordingly, the court takes judicial notice of them.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Inc. ("MERS") was listed as the original beneficiary of the deed of trust. Complaint, ECF No. 1 ¶
2  12. The deed of trust was recorded in the Santa Cruz County Recorder's Office on December 31,
3  2007. RJN, Ex. 1, ECF No. 11-1. On September 25, 2008, the Office of Thrift Supervision closed
4  Washington Mutual and appointed the FDIC as receiver. RJN, Ex 6, ECF No. 11-6. On the same
5  date, JPMorgan entered into a purchase and assumption agreement with the FDIC by which
6  JPMorgan acquired certain assets and assumed certain liabilities of Washington Mutual, including
7  Ms. Chavez's loan. *Id.*

8  Ms. Chavez alleges several irregularities related to her loan and deed of trust and to the
9  subsequent foreclosure on her home. She alleges that MERS was a "nominal beneficiary" of her
10 deed of trust and that her loan and deed of trust were separated and sold multiple times, resulting in
11 her deed of trust not being "perfected." Complaint, ECF No. 1 ¶ 8. She alleges that MERS recorded
12 a Notice Default and Election to Sue under Deed of Trust before it had been assigned as trustee. *Id.*
13 ¶ 14. She alleges that she never received a Notice of Trustee's Sale. *Id.* ¶ 15. Finally, she alleges
14 that JPMorgan conducted a foreclosure sale on the Property, but that the sale was wrongful because
15 it violated several provisions of California Civil Code §§ 2924 et seq. *Id.* ¶¶ 16-17.

## II. PRIOR PROCEEDINGS

17 On August 5, 2009, Ms. Chavez, with her husband, filed a complaint in the Northern District of
18 California alleging ten causes of action against Washington Mutual. RJN, Ex. 7, ECF No. 11-2 at 2-
19 35 ("*Chavez I*"). Specifically, Ms. Chavez alleged violations of: (1) the Truth in Lending Act
20 ("TILA"), 15 U.S.C. § 1601 et seq.; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12
21 U.S.C. § 2605, et seq.; and (3) related state law claims, including fraud and wrongful foreclosure.
22 *Id.* Defendant moved to dismiss, and on January 7, 2010, the Honorable Jeremy Fogel granted the
23 motion and dismissed Ms. Chavez's complaint with leave to amend. RJN, Ex. 9, ECF No. 11-3 at 2-
24 3. Ms. Chavez then filed a second amended complaint which did not raise any federal claims. RJN,
25 Ex. 8, ECF No. 11-2 at 37-65. Given that all of Ms. Chavez's remaining claims arose under state
26 law, Judge Fogel declined to exercise his supplemental jurisdiction and dismissed the complaint
27 without prejudice. *Chavez v. Washington Mutual, Bank, F.A., et al.*, No. 09-3583 (N.D. Cal. April 7,
28 2010) (Order Granting Motion to Dismiss Without Prejudice).

Ms. Chavez then filed another complaint in Santa Cruz Superior Court on May 7, 2010, bringing nine claims against JPMorgan and Washington Mutual in connection with the same loan and foreclosure sale. RJN, Ex. 10, ECF No. 11-3 at 5-32 ("*Chavez II*"). In addition to other state law claims, she again alleged wrongful foreclosure and fraud. *Id.* Her claim for wrongful foreclosure was based on a theory that JPMorgan was not in possession of the promissory note to her loan, and therefore was not entitled to commence foreclosure proceedings. *Id.* Her claim for fraud was based, among other things, on allegations that JPMorgan misrepresented that it had the right to collect payments from her. *Id.* Defendants filed a demurrer as to each of her causes of action, which the Superior Court sustained without leave to amend. RJN, Ex. 11, ECF No. 11-3 at 34-37. The Superior Court also dismissed the action against JP Morgan with prejudice, *id.*, and entered a final judgment against Ms. Chavez on September 13, 2010. RJN, Ex. 12, ECF No. 11-3 at 39-42. After the Superior Court entered final judgment, Chavez sought to voluntarily dismiss the action, which the Court Clerk approved. RJN, Ex. 13, ECF No. 11-3 at 44-46.

On July 6, 2012, Ms. Chavez filed another complaint in the Santa Cruz County Superior Court, alleging six causes of action against Washington Mutual, JPMorgan, Wells Fargo Bank, and MERS. RJN, Ex. 14, ECF No. 11-4 at 2-32 ("*Chavez III*"). She once again alleged claims under TILA and RESPA, as well as state law claims for wrongful foreclosure, fraud, declaratory relief, and quiet title. *Id.* On August 21, 2012, Defendants removed the case on the basis of federal question jurisdiction. RJN, Ex. 15, ECF No. 11-4 at 34-69. Defendants moved to dismiss her complaint as being barred by res judicata, and on June 5, 2013, the Honorable Lucy Koh granted their motion and dismissed all of her causes of action with prejudice. RJN, Ex. 16, ECF No. 11-4 at 71-81. Judge Koh entered judgment against Ms. Chavez and in favor of Defendants on June 7, 2013. RJN, Ex. 17, ECF No. 11-4 at 83.

### III. THE INSTANT PROCEEDING

On August 20, 2013, Ms. Chavez filed another complaint in federal court, alleging three claims against JPMorgan. Complaint, ECF No. 1. She alleges claims for cancellation of trustee's deed upon sale, slander of title, and declaratory relief. On October 9, 2013, JPMorgan filed a motion to dismiss her claims as being barred by res judicata. Motion, ECF No. 10. Ms. Chavez has filed

neither an opposition nor a statement of non-opposition to the motion. *See generally* Docket.

## ANALYSIS

### I. LEGAL STANDARD

#### A. Rule 12(b)(6)

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted). But when a party repeatedly fails to cure deficiencies, the court may dismiss without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district

court instructed pro se plaintiff regarding deficiencies in prior order dismissing without prejudice).

### B. Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added); *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

## II. APPLICATION

### A. Final Judgment on the Merits

As Judge Koh explained in her order granting Defendants' motion to dismiss based on res judicata in *Chavez III*, the prior action in the Santa Cruz Superior Court (*Chavez II*), resulted in a final judgment on the merits. RJN, Ex. 16, ECF No. 11-4 at 78. The Santa Cruz Superior Court sustained JPMorgan's demurrer without leave to amend and dismissed the action. RJN, Ex. 11, ECF No. 11-3 at 34-37. It then entered a final judgment against Ms. Chavez. RJN, Ex. 12, ECF No. 11-3 at 39-42. Thus, the Superior Court's order sustaining the demurrer to the complaint and dismissing the action against JPMorgan constitutes an adjudication on the merits for purposes of res judicata.

Judge Koh also explained why the Superior Court Clerk's approval of Ms. Chavez's subsequent Request for Dismissal does not change this:

> Interestingly, after the Superior Court entered final judgment against Chavez, Chavez filed a Request for Dismissal of her action without prejudice, which the Court Clerk approved. *See* RJN, Ex. 13. However, once the Court sustained JPMorgan's demurrer and entered judgment against Chavez, Chavez should not have been permitted to voluntarily withdraw her action without prejudice. Under California law, once there has been "a public and formal indication by the trial court of the legal merits of the case . . . then [a] voluntary dismissal is ineffective." *See Franklin Capital Corp. v. Wilson*, 148 Cal. App. 4th 187, 200, 55 Cal. Rptr. 3d 424 (2007); *see also Goldtree v. Spreckels*, 135 Cal. 666, 672-73, 67 P. 1091 (1902) (holding that sustaining a demurrer constitutes a sufficient trial of the merits of a case so as to "cut off the right to dismissal"). Here, the Superior Court not only gave a "public and formal indication . . . of the legal merits of the case," *Franklin Capital Corp.*, 135 Cal. at 672-73, 67 P. 1091, but entered a final judgment. *See Chavez v. JPMorgan*, No. CIV 167443 (Santa Cruz Super. Ct. Sept. 13, 2010) (final judgment dismissing Chavez's complaint). Further, it would seem to run counter to the purpose of res judicata to allow a plaintiff to voluntarily dismiss his or her claim without prejudice

C 13-03844 LB
ORDER        6

> once a court has issued a final ruling. Therefore, the Court finds the voluntary dismissal of Chavez's claim without prejudice to be ineffective. It should have no bearing on Defendants' Motion to Dismiss on the basis of res judicata.

RJN, Ex. 16, ECF No. 11-4 at 78 n.8. Accordingly, this element of res judicata is satisfied.

### B. Identity or Privity Between Parties

Here, Ms. Chavez was a plaintiff and JPMorgan was a defendant in *Chavez II*. *See* RJN, Ex. 10, ECF No. 11-3 at 5-32. Accordingly, this element of res judicata is satisfied, too.

### C. Identity of Claims

Finally, to establish res judicata, there must be identity between the claims brought in this action and those that were or could have been brought in *Chavez II*. *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (the purpose of res judicata is to prevent parties from re-litigating claims against parties whom they have already filed suit against or could have filed suit against in a previous action). In *Chavez II*, Ms. Chavez brought claims for wrongful foreclosure and fraud. *See* RJN, Ex. 10, ECF No. 11-3 at 5-32. In this action, Ms. Chavez's claims for cancellation of trustee's deed upon sale, slander of title, and declaratory relief, and all of them as based on JPMorgan's allegedly wrongful foreclosure and fraudulent conduct related to deed of trust. *See* Complaint, ECF No. 1 ¶¶ 8, 14-17, 21, 27-28, 33.

As Judge Koh previously explained to Ms. Chavez, "[u]nder federal law [a plaintiff] does not avoid the bar of res judicata merely because he now alleges conduct [by defendants] not alleged in his prior suit, nor because he has pleaded a new legal theory." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). "Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit." *Id.* Among the factors a court considers in answering this question are:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 1201-02 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). The last factor is the most important in determining whether there is an identity of claims. *Id.* at 1202. Accordingly, if newly articulated claims are based on the same nucleus of common facts and could have been

1  brought in the earlier action, they may still be subject to a res judicata finding.  *Tahoe-Sierra Pres.*
2  *Council, Inc.*, 322 F.3d at 1078; *see also United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d
3  905, 909 (9th Cir. 1998) (holding that, because res judicata "bars relitigation of all grounds of
4  recovery that were asserted, or could have been asserted, in a previous action between the parties,"
5  the relevant inquiry is not whether "the claims asserted subsequent to the judgment were actually
6  pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have
7  been brought").

8  Upon review of the complaint in *Chavez II* and the complaint in this action, the court finds that
9  Ms. Chavez's three claims in this action arise from the same nucleus of common facts as *Chavez II*,
10 and therefore she could have been brought them in *Chavez II*.  Her three claims relate to the same
11 foreclosure proceeding and the same allegedly defective transfer of the deed of trust at issue in
12 *Chavez II*.  *Compare* Complaint, ECF No.1 *with* RJN, Ex. 10, ECF No. 11-3 at 5-32.  In both
13 actions, Ms. Chavez alleges violation of her primary right against wrongful foreclosure, and there is
14 no reason why she could not have brought in *Chavez II* the three claims she alleges here.
15 Accordingly, the court finds that there is an identity of claims between this action and *Chavez II*.

16 Thus, as all three requirements of res judicata are met, the court **GRANTS** JPMorgan's motion
17 and **DISMISSES WITH PREJUDICE** Ms. Chavez's claims for cancellation of trustee's deed upon
18 sale, slander of title, and declaratory relief because they are barred by res judicata.[3]

### CONCLUSION

20 Based on the foregoing, the court **GRANTS** JPMorgan's motion to dismiss and **DISMISSES**
21 **WITH PREJUDICE** all of Ms. Chavez's claims.  The Clerk of the Court shall close the file.
22 **IT IS SO ORDERED.**
23 Dated: November 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Because the court rules that all of Ms. Chavez's claims are barred by res judicata, it does not address JPMorgan's additional arguments that her claims also are barred by the doctrine of collateral estoppel and fails to state a claim upon which relief may be granted.  *See* Motion, ECF No. 10 at 15-18.